AT&T Universal Card
PO Box 183058
Columbus, OH 43218-3058


Bank of America
PO Box 1070
Newark, NJ 07101-1070


Budget Rent A Car
Vehicle Damage Claims
PO Box 95322
Chicago, IL 60694-5322


Capital One Bank
PO Box 85015
Richmond, VA 23285


Chase
PO Box 15291
Wilmington, DE 19886-5291


Chase
PO Box 15650
Wilmington, DE 19886-5650


Chase
PO Box 15153
Wilmington, DE 19886-5153


Citi Business Card
PO Box 6309
The Lakes, NV 88901-6309


Citi Cards
Card Service Center
PO Box 6077
Sioux Falls, SD 57117-6077

Client Services, Inc.
3451 Harry Truman Blvd
St. Charles, MO 63301-3236


Cole, Sorrentino, Hurley, et al
Attorneys at Law
Attn: Christopher M. Pannozzo, Esq.
37 Franklin Street, Suite 900
Buffalo, NY 14202-4196

Collection Company of America
PO Box 329
Norwell, MA 02061-0329


DirecTV
PO Box 78626
Phoenix, AZ 85062-8626


First Niagara Bank
PO Box 514
Lockport, NY 14095


Home Depot Credit Services
Processing Center
Des Moines, IA 50364-0500


IRS
Andover, MA 05501


MBNA America
PO Box 15137
Wilmington, DE 19886-5137


NCO Financial Systems
PO Box 41567
Philadelphia, PA 19101

Wells Fargo Home Mortgage
PO Box 14411
Des Moines, IA 50306-3411

| FORM B1 | United States Bankruptcy Court<br>Western District of New York | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Weixlmann, Jeffrey P.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**3941** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**197 Newman Street**<br>**Springville, NY 14141** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Erie** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☑ Individual(s) | ☐ Railroad | ☑ Chapter 7    ☐ Chapter 11    ☐ Chapter 13 | |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other _____ | ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☑ Consumer/Non-Business | ☐ Business | ☑ Full Filing Fee Attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying<br>that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | | |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | | |

| **Statistical/Administrative Information** (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):  **Jeffrey P. Weixlmann** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location<br>Where Filed:     **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor:<br>  **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **s/ Jeffrey P. Weixlmann**
Signature of Debtor

X  **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**10/4/05**
Date

### Signature of Attorney

X  **/s/ Randy H. Gugino**
Signature of Attorney for Debtor(s)

**Randy H. Gugino, Esq.,  029227**
Printed Name of Attorney for Debtor(s) / Bar No.

**Randy Gugino Law Office**
Firm Name

**2140 Eggert Road  Amherst, NY 14226**
Address

**(716) 833-8455**                    **(716) 833-8472**
Telephone Number

**10/4/05**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10Kand 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  **/s/ Randy H. Gugino**                    **10/4/05**
Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.
☑  No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6A
(6/90)

In re: **Jeffrey P. Weixlmann**                                          .          Case No. _____
               **Debtor**                                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **197 Newman Street Springville, NY residence** | **Fee Owner** | | **$ 80,900.00** | **$ 81,930.00** |
| | Total ➢ | | **$ 80,900.00** | |

(Report also on Summary of Schedules.)

In re __Jeffrey P. Weixlmann_____,   Case No. _____

_Debtor_  _(If known)_

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **cash** | | **0.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **M&T** | | **0.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **television, sofa, chairs** | | **1,500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **shoes, socks, pants, shirts** | | **250.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

In re  **Jeffrey P. Weixlmann** _____ '  Case No. _____
         Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Dodge Durango cracked windshield 100,000 miles** | | **5,000.00** |
| | | **2000 Chevy Van** | | **8,000.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |

In re  **Jeffrey P. Weixlmann** _____ ,  Case No. _____
                  **Debtor**                                                             **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | X | | | |

                     __2__   continuation sheets attached       Total  ➤   **$ 14,750.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**In re**   **Jeffrey P. Weixlmann** _____ , **Case No.** _____
                            Debtor.                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)     Exemptions provided in 11 U.S.C. § 522(d).     **Note:  These exemptions are available only in certain states.**

☒ 11 U.S.C. § 522(b)(2)     Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has
                            been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period
                            than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is
                            exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **1999 Dodge Durango cracked windshield 100,000 miles** | **Debt. & Cred. Law § 282 & 283** | **2,400.00** | **5,000.00** |
| **shoes, socks, pants, shirts** | **Debt. & Cred. Law § 282 & 283** | **250.00** | **250.00** |
| **television, sofa, chairs** | **Debt. & Cred. Law § 282 & 283** | **1,500.00** | **1,500.00** |

FORM B6D
(12/03)

In re: **Jeffrey P. Weixlmann** , Case No. _____

Debtor (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **42200928**<br><br>**First Niagara Bank**<br>**PO Box 514**<br>**Lockport, NY 14095** | | | **08/05/2005**<br>**2000 Chevy Van**<br>––––––––––––––<br>**VALUE $8,000.00** | | | | **6,607.67** | **6,607.67** |
| ACCOUNT NO. **0137332417**<br><br>**Wells Fargo Home Mortgage**<br>**PO Box 14411**<br>**Des Moines, IA 50306-3411** | | | **01/01/2001**<br>**Mortgage**<br>**197 Newman Street**<br>**Springville, NY residence**<br>––––––––––––––<br>**VALUE $80,900.00** | | | | **81,930.00** | **1,030.00** |

<u>0</u> Continuation sheets attached

| | |
|---|---|
| **Subtotal** ➤<br>(Total of this page) | **$88,537.67** |
| **Total** ➤<br>(Use only on last page) | **$88,537.67** |

(Report total also on Summary of Schedules)

Form B6E
(04/04)

In re  **Jeffrey P. Weixlmann**_____,    Case No. _____
                        Debtor                                                      (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

  Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but
  before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions
  owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding
  the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in
  11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original
  petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11
  U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

  Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal,
  family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

  Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in
  11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11
  U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency,
  or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of
  an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

  * Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or
  after the date of adjustment.

1  Continuation sheets attached

In re  **Jeffrey P. Weixlmann**                                                    ,    Case No. _____

Debtor                                                                                      (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**IRS**<br>**Andover, MA 05501** | | | **01/01/04**<br>**2004 Income Tax** | | | | **9,779.00** | **9,779.00** |

Sheet no. 1 of 1 sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal ➤ | **$9,779.00**
(Total of this page)

**Total** ➤ | **$9,779.00**
**(Use only on last page of the completed Schedule E.)**
(Report total also on Summary of Schedules)

Form B6F (12/03)

In re  __Jeffrey P. Weixlmann_____.  Case No. _____
         **Debtor**                                                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5491130335423786** <br><br> **AT&T Universal Card** <br> **PO Box 183058** <br> **Columbus, OH 43218-3058** | | | **02/01** <br><br> **credit card** | | | | **5,551.98** |
| ACCOUNT NO. **4305500337126398** <br><br> **Bank of America** <br> **PO Box 1070** <br> **Newark, NJ 07101-1070** | | | **01/01** <br><br> **credit card** | | | | **8,086.18** |
| ACCOUNT NO. **05B010701** <br><br> **Budget Rent A Car** <br> **Vehicle Damage Claims** <br> **PO Box 95322** <br> **Chicago, IL 60694-5322** | | | **11/01** <br><br> **account** | | | | **1,841.31** |
| ACCOUNT NO. **5291492289213171** <br><br> **Capital One Bank** <br> **PO Box 85015** <br> **Richmond, VA 23285** | | | **04/01** <br><br> **credit card** | | | | **6,064.60** |
| ACCOUNT NO. **4104140005855334** <br><br> **Chase** <br> **PO Box 15291** <br> **Wilmington, DE 19886-5291** | | | **08/01** <br><br> **credit card** | | | | **2,085.69** |

<u>3</u>   Continuation sheets attached

Subtotal  ➤                             **$23,629.76**

Total  ➤

Form B6F - Cont.
(12/03)

In re  __Jeffrey P. Weixlmann__                                              .   Case No. _____
                        Debtor                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **5183377610124158** <br><br> **Chase** <br> **PO Box 15650** <br> **Wilmington, DE 19886-5650** | | | **03/01** <br><br> **credit card** | | | | **7,260.68** |
| ACCOUNT NO.  **4417163023238897** <br><br> **Chase** <br> **PO Box 15153** <br> **Wilmington, DE 19886-5153** | | | **06/01** <br><br> **credit card** | | | | **2,486.64** |
| ACCOUNT NO.  **5588588000748858** <br><br> **Citi Business Card** <br> **PO Box 6309** <br> **The Lakes, NV 88901-6309** | | | **10/01** <br><br> **credit card** | | | | **7,184.68** |
| ACCOUNT NO.  **5491130335423786** <br><br> **Citi Cards** <br> **Card Service Center** <br> **PO Box 6077** <br> **Sioux Falls, SD 57117-6077** | | | **07/05** <br><br> **credit cards** | | | | **6,216.82** |
| ACCOUNT NO.  **5115767** <br><br> **Client Services, Inc.** <br> **3451 Harry Truman Blvd** <br> **St. Charles, MO 63301-3236** | | | **08/05** <br><br> **collection for CitiCards** | | | | **0.00** |

Sheet no. _1_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

| | |
|---|---|
| | **$23,148.82** |

Total ➤
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

In re  **Jeffrey P. Weixlmann** _____.  Case No. _____
　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Cole, Sorrentino, Hurley, et al Attorneys at Law Attn: Christopher M. Pannozzo, Esq. 37 Franklin Street, Suite 900 Buffalo, NY 14202-4196** | | | 09/02 <br><br> attorneys fees | | | | 1,681.91 |
| ACCOUNT NO. **29186098** <br><br> **Collection Company of America PO Box 329 Norwell, MA 02061-0329** | | | 09/05 <br><br> collection for Directv | | | | 0.00 |
| ACCOUNT NO. **29186098** <br><br> **DirecTV PO Box 78626 Phoenix, AZ 85062-8626** | | | 09/05 <br><br> utility | | | | 138.78 |
| ACCOUNT NO. **6035320146120686** <br><br> **Home Depot Credit Services Processing Center Des Moines, IA 50364-0500** | | | 07/01 <br><br> credit card | | | | 10,735.12 |
| ACCOUNT NO. **5329053897096659** <br><br> **MBNA America PO Box 15137 Wilmington, DE 19886-5137** | | | 05/01 <br><br> credit card | | | | 9,794.34 |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

　　　　　　　　　　　　　　　　　　　　　　　Subtotal ➤　　　　　　　　| $22,350.15 |
　　　　　　　　　　　　　　　　　　　　　(Total of this page)

　　　　　　　　　　　　　　　　　　　　　　　　　Total ➤
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

In re   **Jeffrey P. Weixlmann**                                                    .   Case No. _____
            Debtor                                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **4264280926088452**<br><br>**MBNA America**<br>**PO Box 15137**<br>**Wilmington, DE 19886-5137** | | | **09/01**<br><br>**credit card** | | | | **9,025.89** |
| ACCOUNT NO.   **T35310**<br><br>**NCO Financial Systems**<br>**PO Box 41567**<br>**Philadelphia, PA 19101** | | | **08/05**<br><br>**collection for Capital One Bank** | | | | **0.00** |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤  | **$9,025.89**
(Total of this page)

Total ➤  | **$78,154.62**
**(Use only on last page of the completed Schedule F.)**

(Report also on Summary of Schedules)

In re:  **Jeffrey P. Weixlmann**                                      ,  Case No. _____

                       **Debtor**                                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: **Jeffrey P. Weixlmann** _____ , **Case No.** _____
          **Debtor**                                                                     **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**In re**     **Jeffrey P. Weixlmann** _____ , **Case No.** _____

Debtor (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **single** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | daughter | **15** |
| | daughter | **13** |
| | son | **12** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **CSX Transportation** | |
| How long employed | **1 month** | |
| Address of Employer | **Cheektowaga, NY** | |

**Income**: (Estimate of average monthly income)        DEBTOR        SPOUSE

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | 3,336.37 | $ | |
| Estimated monthly overtime | $ | 0.00 | $ | |
| SUBTOTAL | $ | 3,336.37 | $ | |
| LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 1,069.45 | $ | |
|     b. Insurance | $ | 0.00 | $ | |
|     c. Union dues | $ | 0.00 | $ | |
|     d. Other (Specify) | $ | 0.00 | $ | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,069.45 | $ | |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,266.92 | $ | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ | |
| Income from real property | $ | 0.00 | $ | |
| Interest and dividends | $ | 0.00 | $ | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | |
| Social security or other government assistance (Specify) | $ | 0.00 | $ | |
| Pension or retirement income | $ | 0.00 | $ | |
| Other monthly income (Specify) | $ | 0.00 | $ | |
| TOTAL MONTHLY INCOME | $ | 2,266.92 | $ | |

TOTAL COMBINED MONTHLY INCOME _____ **$ 2,266.92** _____ (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:      **NONE**

In re  **Jeffrey P. Weixlmann** _____ ,  Case No. _____
　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐　　Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
　　　schedule of expenditures labeled "Spouse".

| | | | |
|---|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | | $ | 721.64 |
| Are real estate taxes included? Yes _____ No ✓ | | | |
| Is property insurance included? Yes _____ No ✓ | | | |
| Utilities　Electricity and heating fuel | | $ | 143.00 |
| 　　　Water and sewer | | $ | 28.30 |
| 　　　Telephone | | $ | 58.00 |
| 　　　Other　**cable** | | $ | 78.00 |
| Home maintenance (repairs and upkeep) | | $ | 24.00 |
| Food | | $ | 400.00 |
| Clothing | | $ | 0.00 |
| Laundry and dry cleaning | | $ | 0.00 |
| Medical and dental expenses | | $ | 0.00 |
| Transportation (not including car payments) | | $ | 200.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 0.00 |
| Charitable contributions | | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | |
| 　　　Homeowner's or renter's | | $ | 0.00 |
| 　　　Life | | $ | 0.00 |
| 　　　Health | | $ | 0.00 |
| 　　　Auto | | $ | 125.00 |
| 　　　Other _____ | | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) _____ | | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | | |
| 　　　Auto | | $ | 352.89 |
| 　　　Other _____ | | $ | 0.00 |
| Alimony, maintenance or support paid to others | | $ | 748.00 |
| Payments for support of additional dependents not living at your home | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| Other _____ | | $ | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $ | 2,878.83 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | _____ |
| B. Total projected monthly expenses | $ | _____ |
| C. Excess income (A minus B) | $ | _____ |
| D. Total amount to be paid into plan each _____ | $ | _____ |
| 　　　　　　　　　　　　　(interval) | | |

**Form B6**
**(6/90)**

## United States Bankruptcy Court
## Western District of New York

In re  **Jeffrey P. Weixlmann**

Case No.

Chapter   **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 80.900.00 | | |
| B - Personal Property | YES | 3 | $ 14,750.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 88.537.67 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 9,779.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 78.154.62 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,266.92 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 2,878.83 |
| Total Number of sheets in ALL Schedules ➢ | | 16 | | | |
| Total Assets ➢ | | | $ 95,650.00 | | |
| Total Liabilities ➢ | | | | $ 176,471.29 | |

In re: **Jeffrey P. Weixlmann**                                                                      ,          Case No. _____
                **Debtor**                                                                                                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**17**_____
                                                                        (Total shown on summary page plus 1.)

sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.


Date: **10/4/05** _____          Signature: **s/ Jeffrey P. Weixlmann** _____
                                                                  **Jeffrey P. Weixlmann**

[If joint case, both spouses must sign]


## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP


(NOT  APPLICABLE)


Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(12/03)

**UNITED STATES BANKRUPTCY COURT**
**Western District of New York**

In re:  **Jeffrey P. Weixlmann**                              Case No. _____
**3941**                                                       Chapter      **7**

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 52,902.00 | **CBI Floors**<br>**6770 Oak Hall Lane**<br>**Columbia, MD 21045** | 2004 |
| 7,744.00 | **CB Floors/and CSX RR** | 2005 |

## 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

## 4.   Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

---

b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

## 5.   Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

## 6.   Assignments and receiverships

None
☑

a.   Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9.  Payments related to debt counseling or bankruptcy

None
☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14.  Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15.  Prior address of debtor

None
☐

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **6669 Aspire**<br>**Boston, NY** | **Jeffrey Weixlmann** | **2.5 years** |

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.     List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND<br>ADDRESS | NAME  AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND<br>ADDRESS | NAME  AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

c.     List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS<br>OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR<br>DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☑

a.   If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|----------------------------|
|      |                      |         |                    |                            |

b.   Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|---------|
|      |         |

## 19. Books, records and financial statements

None
☑

a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
|                  |                         |

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
|                  |                         |

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
☑

| NAME | ADDRESS |
|------|---------|
|      |         |

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

None
☑

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
|                  |             |

## 20. Inventories

None
☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21.  Current Partners, Officers, Directors and Shareholders

None
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

None
☑

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22.  Former partners, officers, directors and shareholders

None
☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

None
☑

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23.  Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six -year period** immediately preceding the commencement of the case.

NAME  OF PARENT CORPORATION          TAXPAYER IDENTIFICATION NUMBER

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

NAME  OF PENSION FUND                   TAXPAYER IDENTIFICATION NUMBER

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **10/4/05**

Signature
of Debtor   **s/ Jeffrey P. Weixlmann**
            **Jeffrey P. Weixlmann**

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:   **Jeffrey P. Weixlmann**

Case No.:

Chapter:   **7**

Debtor(s)

Exhibit "C" to Voluntary Petition

     1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

_____

_____

_____

_____

     2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

_____

_____

_____

_____

Official Form 8
( 12/03)

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

In re: **Jeffrey P. Weixlmann**

**3941**

Case No. _____

Chapter    **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

  a.  *Property To Be Surrendered.*

Description of Property

Creditor's Name

  **1.  2000 Chevy Van**

**First Niagara Bank**

  b.  *Property To Be Retained.*                              *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1.  credit card | AT&T Universal Card | | | | |
| 2.  credit card | Bank of America | | | | |
| 3.  account | Budget Rent A Car | | | | |
| 4.  credit card | Capital One Bank | | | | |
| 5.  credit card | Chase | | | | |
| 6.  credit card | Chase | | | | |
| 7.  credit card | Chase | | | | |
| 8.  credit card | Citi Business Card | | | | |
| 9.  credit cards | Citi Cards | | | | |
| 10.  collection for CitiCards | Client Services, Inc. | | | | |
| 11.  attorneys fees | Cole, Sorrentino, Hurley, et al | | | | |
| 12.  collection for Directv | Collection Company of America | | | | |
| 13.  utility | DirecTV | | | | |
| 14.  credit card | Home Depot Credit Services | | | | |
| 15.  2004 Income Tax | IRS | | | | |
| 16.  credit card | MBNA America | | | | |
| 17.  credit card | MBNA America | | | | |
| 18.  collection for Capital One Bank | NCO Financial Systems | | | | |
| 19.  197 Newman Street Springville,  NY residence | Wells Fargo Home Mortgage | | | X | |

Date:   **10/4/05**                                    **s/ Jeffrey P. Weixlmann**
                                                       Signature of Debtor

**UNITED STATES BANKRUPTCY COURT**
**Western District of New York**

In re:    **Jeffrey P. Weixlmann**

Debtor

Case No. _____

Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | 576.00 |
| Prior to the filing of this statement I have received | $ | 576.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) [Other provisions as needed]
   **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **legal fees for adversarial proceedings, including but not limited to student loan hardship proceedings, vacatur of judgments, real estate foreclosure and recovery of funds garnished during preference periods.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **10/4/05**

**/s/ Randy H. Gugino**
**Randy H. Gugino, Esq., Bar No.  029227**

**Randy Gugino Law Office**
Attorney for Debtor(s)

---

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer ($209 filing fee plus $30 administrative fee)

Chapter 12 designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family - owned farm.

I, the debtor, affirm that I have read this notice.

| 10/4/05 | s/ Jeffrey P. Weixlmann | |
|---|---|---|
| Date | Signature of Debtor | Case Number |

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

In Re:

**Jeffrey P. Weixlmann**

Case No.

Debtor(s)

## DECLARATION RE: ELECTRONIC FILING OF PETITION, SCHEDULES & STATEMENTS
### [Incorporates Form 21, Statement of Social Security Number, for Electronically-filed petitions]

### PART I - DECLARATION OF PETITIONER

I **Jeffrey P. Weixlmann** and, the undersigned debtor(s), ***hereby declare under penalty of perjury*** that the information provided in the electronically filed petition, statements, and schedules is true and correct and that I signed these documents prior to electronic filing. I consent to my attorney sending my petition, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be executed at the First Meeting of Creditors and filed with the Trustee. I understand that failure to file the signed original of this DECLARATION may cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice. I (we) further declare under penalty of perjury that I (we) signed the original Statement of Social Security Number(s), (Official Form B21), prior to the electronic filing of the petition and have verified the 9-digit social security number displayed on the Notice of Meeting of Creditors to be accurate.

☑ If petitioner is an individual whose debts are primarily consumer debts and who has chosen to file under a chapter :  **7**
I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief available under each chapter, and choose to proceed under this chapter. I request relief in accordance with the chapter specified in this petition. I (WE) and, the undersigned debtor(s), ***hereby declare under penalty of perjury*** that the information provided in the electronically filed petition, statements, and schedules is true and correct.

☐ If petitioner is a corporation or partnership: I declare under a penalty of perjury that the information provided in the electronically filed petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

☐ If petitioner files an application to pay filing fees in installments: I certify that I completed an application to pay the filing fee in installments. I am aware that if the fee is not paid within 120 days of the filing date of filing the petition, the bankruptcy case may be dismissed and, if dismissed, I may not receive a discharge of my debts.

Dated:  **10/4/05**

Signed:  **s/ Jeffrey P. Weixlmann**

        (Applicant)

### PART II - DECLARATION OF ATTORNEY

I ***declare under penalty of perjury*** that the debtor(s) signed the petition, schedules, statements, etc., including the Statement of Social Security Number(s), (Official Form B21), before I electronically transmitted the petition, schedules, and statements to the United States Bankruptcy Court, and have followed all other requirements in Administrative Orders and Administrative Procedures, including submission of the electronic entry of the debtor(s) Social Security number into the Court's electronic records. If an individual, I further declare that I have informed the petitioner (if an individual) that [he or she] may qualify to proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each chapter. This declaration is based on the information of which I have knowledge.

Dated:  **10/4/05**

        **/s/ Randy H. Gugino**
        Attorney for Debtor(s)

        Address of Attorney

        **2140 Eggert Road**

        **Amherst, NY 14226**

[Rev. December 2003]